VICE (RUMFORD CHEMICAL WORKS v.). See Case No. 12,136.

VICKERS v. The DANIEL AUGUSTA. See Case No. 9,540.

---

### Case No. 16,930.

### In re VICKERY.

[3 N. B. R. 696 (Quarto, 171).] [1]

Circuit Court, W. D. Michigan. April 27, 1870.

BANKRUPTCY—PROVABLE CLAIMS—JUSTICE'S JUDGMENT—MERGER.

Where judgment had been rendered for a debt by a justice of the peace, previous to the adjudication of bankruptcy, and had not been satisfied, quære, was the debt, as it stood at the time of the adjudication, provable or not? Held, the debt is not so merged in the judgment as to deprive the creditor of the right to prove it.

[Cited in Re Mansfield, Case No. 9,049; Re Swift, Id. 13,693; Burpee v. First Nat. Bank of Janesville, Id. 2,185; Re Stansfield, Id. 13,294; Bourne v. Maybin, Id. 1,700.]

[Cited in Conway v. Seamons, 55 Vt. 10. Cited in dissenting opinion in Wells v. Edmison (Dak.) 22 N. W. 501.]

I, J. Davidson Burns, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, Latham Hull, a judgment creditor of the said bankrupt [Jonathan W.

1 [Reprinted by permission.]

Vickery], applied for leave to prove his judgment under the proceedings in bankruptcy, and produced a transcript from the docket of a justice of the peace, showing that on the 31st day of December, A. D. 1869, he, the said Hull, commenced suit against the said bankrupt, before the said justice. Summons was issued, returnable on the 6th day of January, 1870; and on the said last-mentioned day, judgment was rendered in favor of the said Hull, and against the said bankrupt, for damages and costs of suit. It appears that on the 3d day of January, 1870, the said Vickery filed his petition in said district court for adjudication of bankruptcy, and that on the 5th day of January he was adjudged a bankrupt. The said suit of the said judgment creditor having been commenced before the said Vickery was so adjudged bankrupt, but judgment not rendered until after that event, I declined to take proof of the judgment for either damages or costs, on the ground that it was not provable —the judgment itself not being an existing debt at the time of the adjudication of bankruptcy. The question then arose whether the debt, as it stood at the time of the said adjudication, was or was not provable. It has been held by the United States district court for the district of Connecticut, in Re Williams [Case No. 17,705], that neither the judgment nor the debt are provable, where, after the commencement of the proceedings in bankruptcy, the judgment has been rendered upon a debt which has existed before that time; that the debt was merged in the judgment and extinguished by it, and that the judgment, which had no existence at the date of the adjudication of bankruptcy, constitutes a new debt, which takes its date from the time of recovery. In reference to the debt, directly the contrary has been held by the district court for the Southern district of New York, in Re Brown [Id. 1,975], it being decided in that case that the debt, but not the judgment, was provable. While I am of the opinion that the true and reasonable construction of the law is contained in the decision last named, and that the claim of the said Hull, as it existed upon the day the said Vickery was adjudged a bankrupt, is provable, yet in view of the fact that two such eminent jurists as Judges Shipman and Blatchford, differ so widely in passing judgment upon the question, I declined to admit proof of the said debt until the matter has been certified to the judge for his opinion thereon. And the said judgment creditor and the assignee of the said bankrupt requested that the same should be so certified to the judge for such opinion.

WITHEY, District Judge. I dissent entirely from the rule laid down in Re Williams [Case No. 17,705], and fully concur in the decision in Re Brown [Id. 1,975]. The debt in the case reported by Register Burns existed at the time of the adjudication of bankruptcy,

and if it has never been paid or satisfied may be proved in bankruptcy. The fact that judgment has been rendered for the debt, is neither payment or satisfaction thereof in any sense which prevents proof of the debt in bankruptcy. It is not the judgment, but the debt as it existed on the 5th day of January, the day of the adjudication, that is provable.